UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROY PARROTT,                         )
                                     )
                 Petitioner,         )
                                     )
v.                                   )      Nos:  3:04-cr-054
                                     )            3:08-cv-466
UNITED STATES OF AMERICA,            )            (VARLAN/GUYTON)
                                     )
                 Respondent.         )

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Roy Parrott ("petitioner"). The government has filed its response to the motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.       **Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.     Factual Background

Petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of imprisonment of 50 months. His sentence was affirmed on direct appeal. *United States v. Parrott*, No. 06-6005 (6th Cir. August 17, 2007) [Criminal Action No. 3:04-cr-54, Doc. 37, Order]. The parties agreed to the following factual basis for the guilty plea:

> On January 3, 2003, a Deputy of the Anderson County Sheriff's Department observed Defendant, driving a blue pick-up truck, weave across the center lane three times. The Deputy stopped the vehicle to address the traffic violation. While discussing the traffic violation with Defendant, the Deputy noticed a shotgun wrapped in a black cloth along with what appeared to be marijuana. The Deputy began to ask Defendant about the items, but Defendant sped off, mid-conversation, in his vehicle. A chase ensued and while in pursuit the Deputy observed Defendant toss a large item wrapped in a black cloth out of the truck and onto the road.

> An Officer of the Oak Ridge Police Department, who was responding to the Deputy's request for assistance, recovered one loaded 12-gauge shotgun wrapped in the black cloth from the middle of the road. Defendant was eventually stopped and Officers recovered numerous oxycodone tablets from Defendant's pocket and two bags containing marijuana and a knife from Defendant's vehicle.

A check of Defendant's criminal history revealed that he was previously convicted of the following felony offenses:

1)      On August 25, 1986, defendant was convicted of Sale of Cocaine in case number C-86032 in Anderson County, Tennessee.

2)      On September 26, 1986, defendant was convicted of Possession of Marijuana for Resale (felony) in case number C-85284 in Anderson County, Tennessee.

3)      On September 26, 1986, defendant was convicted of Aggravated Assault in case number C-85284 in Anderson County, Tennessee.

4)      On August 30, 1988, defendant was convicted of Possession of a Firearm as a Convicted Felon in case number C-88132 in Anderson County, Tennessee.

Subsequent to Defendant's arrest, the shotgun was tested and deemed operable. Finally, research revealed that the shotgun was manufactured outside of the State of Tennessee and thus, affected interstate commerce.

[*Id*., Doc. 24, Agreed Rule 11 Factual Basis, pp. 1-2].

Petitioner now alleges that the Court lacked jurisdiction over him, and that his conviction violated his right against double jeopardy and his rights under the speedy trial act. He also alleges that his attorney rendered ineffective assistance of counsel for failing to raise those as well as other issues.

## III.    Discussion

### A.    Jurisdiction

Petitioner alleges that, at the time of his indictment in the instant case, he was on probation with the Tennessee state courts and thus the federal court lacked jurisdiction over him. He relies on *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978), for the proposition that this

3

court had no authority to interrupt Tennessee's jurisdiction over him.  In *Liberatore*, the Second Circuit affirmed a district court's order finding a state prisoner to be in contempt of court for refusal to comply with a court order "except insofar as that order purported to suspend the service of Liberatore's state sentence during the period of confinement imposed for civil contempt of the federal district court."  *Id*. at 90.  In this case, to the contrary, petitioner's indictment did not alter his probationary status with the State of Tennessee, and thus *Liberatore* does not afford petitioner any relief.

### B.    Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  With respect to his claim that his conviction violated double jeopardy, petitioner alleges that he was originally arrested on January 3, 2003, on the state charge of going armed, among other charges.  According to petitioner, on June 25, 2003, he entered a guilty plea to that offense but before sentence was imposed, the court recessed in order for petitioner to take a urine drug test, the passing of which would result in a lighter sentence.  When he returned to the courtroom, the judge informed petitioner that the charge of going armed was being dismissed and petitioner was then sentenced on the remaining charges.  Petitioner was indicted by a federal grand jury on the instant offense on April 6, 2004.  [*Id*., Doc. 1, Indictment].

4

Petitioner argues that jeopardy attached in the state court when the state judge accepted his guilty plea, and relies on the Supreme Court decision of *Blockburger v. United States*, 284 U.S. 299 (1932). In *Blockburger*, the Supreme Court considered whether two sales of morphine hydrochloride made to the same individual in violation of federal drug laws constituted one offense or two offenses, and held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Id*. at 304. *Blockburger* was concerned with multiple prosecutions by one sovereign for a single offense and thus does not afford petitioner any relief.

Under the concept of dual sovereignty, the double jeopardy clause does not prohibit prosecution in both state and federal courts for the same criminal conduct. "The Supreme Court has held repeatedly that successive prosecutions based on the same conduct are permissible if brought by separate sovereigns. Thus, trial in a state court does not bar trial in a federal court for the same criminal conduct." *United States v. Bernhardt*, 831 F.2d 181, 182 (9th Cir. 1987) (citations omitted). *See also United States v. Mardis*, 600 F.3d 693, 696 (6th Cir. 2010) ("[P]rosecution in both state court and federal court for offenses that would otherwise constitute the same 'offense' under the Fifth Amendment if tried successively in the same forum is constitutional under the dual sovereignty doctrine.") (citations omitted).

Petitioner also refers to the *Petite* policy. "The *Petite* policy, which derives its name from *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), provides:

5

'No Federal case should be tried when there has been a State prosecution for substantially the same act or acts without a recommendation having been made (to and approved by) the Assistant Attorney General demonstrating compelling Federal interests for such prosecution.'" *United States v. Mardis*, 600 F.3d at 699 (quoting *United States v. Renfro*, 620 F.2d 569, 573 n. 2 (6th Cir. 1980)). The *Petite* policy, however, does not afford petitioner any relief because it "is not constitutionally mandated and confers no rights upon the accused. Thus, the government is the only party with standing to assert the applicability of the *Petite* policy in seeking the dismissal of an indictment." *Id*. (internal citations and quotation marks omitted).

Based upon the foregoing, the petitioner's allegation that his conviction violated the protection against double jeopardy is without merit.

## C.    Speedy Trial Act

Petitioner also alleges that his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*., were violated when he was not indicted by a federal grand jury within 30 days of his arrest. The Speedy Trial Act provides, in relevant part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).

Petitioner's argument overlooks the fact that he was not arrested on the federal charge until after the indictment was issued on April 4, 2004. His arrest on January 3, 2003, was on

state charges, not federal charges. Accordingly, there was no violation of the Speedy Trial Act. *See, e.g., United States v. Legette-Bey*, 147 F. App'x 474, 487 (6th Cir. 2005) (no violation of the Speedy Trial Act when defendant was arrested on state charges, which "were later dropped in favor of a federal indictment"); *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989) ("A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending."); *United States v. Taylor*, 814 F.2d 172, 174-75 (5th 1987) ("The Speedy Trial Act does not begin to run when the defendant is arrested by state authorities on state charges, nor does it begin when a federal detainer is lodged with state authorities."). Petitioner's claim that his rights under the Speedy Trial Act were violated lacks merit.

### D. Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective

standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner claims that his attorney failed to argue, as pre-trial issues, the violation of double jeopardy and the Speedy Trial Act. As noted, these claims lack merit and thus his attorney did not render ineffective assistance of counsel by failing to argue the issues. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Petitioner also alleges his attorney failed to argue for a downward departure, under U.S.S.G. § 2K2.1, based upon the fact that the shotgun petitioner possessed was only used for hunting. Section 2K2.1(b)(2) authorizes a reduction in a defendant's offense level if the

8

firearm was possessed "solely for lawful sporting purposes or collection," but it specifically excludes defendants such a petitioner who have two or more qualifying prior felony convictions. Accordingly, any motion in that regard would have been frivolous and counsel was not ineffective in failing to argue the motion.

Petitioner further alleges that counsel should have argued, under U.S.S.G. § 5K2.13, that petitioner was entitled to a downward departure for diminished capacity because of his previously unknown diabetic condition as well as the prescription medications he was taking. Section 5K2.13 provides, in relevant part: "A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." The Sixth Circuit has held "that a defendant who has the ability 'to absorb information in the usual way and to exercise the power of reason' does not have a mental or emotional disorder sufficient to trigger a downward departure for diminished mental capacity." *United States v. Osoba*, 213 F.3d 913, 916 (6th Cir. 2000) (quoting *United States v. Johnson*, 979 F.2d 396, 401 (6th Cir. 1992) (internal quotations omitted)).

There is nothing in the record, other than petitioner's self-serving argument, to suggest that he lacked the power to reason or otherwise suffered from a significantly reduced mental capacity at the time of the offense. In fact, the record suggests otherwise. Petitioner admitted at both his change of plea and at sentencing that he knew he was not allowed to possess a firearm. [Criminal Action No. 3:04-cr-54, Doc. 33, Transcript of Change of Plea, p. 10; Doc. 34, Transcript of Sentencing Hearing, pp. 10-11]. The fact that petitioner

9

attempted to get rid of the firearm during the traffic stop demonstrates his ability to absorb information and exercise reason. Accordingly, any motion for a downward departure based upon diminished mental capacity would have been frivolous and counsel was not ineffective in failing to argue the motion.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE